UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

CASE NO: 5:26-CR-0126

**DEFENDANT'S RESPONSE TO GOVERNMENT SENTENCING MEMORANDUM**

JAMES YERDON,

Defendant.

The government's sentencing memorandum asks the Court to impose its sentence to run consecutively to sentences that will be imposed in Oswego County and Albany County. (Dkt. No. 42 at 6.) The government cites Guideline § 5G1.3(c). The government argues that this Guideline "recommend[s] that any term of imprisonment imposed for the defendant's convictions for receipt and possession of child pornography should be imposed consecutively to any anticipated state sentences related the defendant's alleged hands-on abuse" because the state offenses are not relevant conduct to the federal offense *Id*. The government's interpretation of Guideline § 5G1.3(c) is incorrect.

Guideline § 5G1.3(c) does not discuss consecutive sentences. Rather, it states that when there is an anticipated sentence in a case that involves relevant conduct to the instant offense, "the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." Guideline § 5G1.3(c). The subsection does say anything about what should occur if the case with the anticipated sentence does not involve relevant conduct to the instant offense. The government's argument makes a logical leap that the Guideline does not express.

Because the circumstances in this case do not fall into any of the specific scenarios set out in § 5G1.3(a)-(c), this case is arguably controlled by § 5G1.3(d). Under that subsection, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant

offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Guideline § 5G1.3(d).[1]

The Supreme Court has held that federal courts generally have the discretion to impose sentences that run concurrently with or consecutively to state sentences that are anticipated but not yet imposed. *Setser v. United States*, 566 U.S. 231, 236 (2012). This Court, accordingly, has wide discretion when imposing sentence.

The defense requests that the Court impose its sentence to run concurrently with the anticipated state sentences. Jim possessed only three videos and one still image of child pornography. (Dkt. No. 31 ¶ 45.) The mandatory minimum sentence is fifteen years. Increasing that sentence by twenty years, which would be the practical result if this Court imposed a consecutive sentence, would result in a sentence that is far greater than necessary to meet the policies of federal sentencing.

DATED: October 26, 2026

ERIC K. SCHILLINGER
FEDERAL PUBLIC DEFENDER

By: /s/ Courtenay K. McKeon
Assistant Federal Public Defender
Bar Roll No. 515841
Clinton Exchange, 3rd Floor
4 Clinton Street
Syracuse, New York 13202
(315) 701-0080

cc: Adrian LaRochelle, AUSA (by ECF)
Kristin L. Bent, SUSPO (by email)

[1] Even if § 5G1.3(d) is inapplicable because it refers to "undischarged" sentences as opposed to "anticipated" sentences, nothing in Guideline § 5G1.3 mandates consecutive sentencing in this case.